# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| ZP 360 Huntsville Mountain, LLC, and ZP 361 Huntsville Research Park QOZB, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> AEC Site Solutions, LLC <br><br> Defendant. | CASE NO. _____ |

## COMPLAINT

Plaintiffs ZP 360 Huntsville Mountain, LLC ("Huntsville Mountain"), and ZP 361 Huntsville Research Park QOZB, LLC ("Research Park") (collectively, "Plaintiffs"), by and through their undersigned counsel, allege against Defendant AEC Site Solutions, LLC ("Defendant"), as follows:

## INTRODUCTION

1.  This action arises out of Defendant's work as a site work contractor on two projects separately owned by Plaintiffs and located in Huntsville, Alabama.

2.  Plaintiff Huntsville Mountain is the owner and developer of a multi-family housing development known as the Terraces at High Mountain located at 4250 High Mountain Road NE, Huntsville, Alabama 35811 (the "Huntsville Mountain Project").

1

3. Plaintiff Research Park is the owner and developer of a multi-family housing development known as the Boardwalk at Research Park located at 5736 Oakwood Road, Huntsville, Alabama 35806 (the "Research Park Project").

4. As set forth in greater detail below, Defendant performed its work on the Huntsville Mountain and Research Park Projects in a negligent and deficient manner, including but not limited to, installing defective work, failing to perform its work in a timely manner, overbilling Plaintiffs for work that was not performed, improperly performing work in conservation areas not part of its scope of work, and removing materials from the site against Plaintiffs' request, thereby causing Plaintiffs to incur substantial costs in excess of $2 million on both Projects combined.

5. Defendant's failure to perform has resulted in Plaintiffs incurring substantial damages, including but not limited to, the cost of completing and correcting Defendant's work with other contractors and damages due to delay in the completion of both Projects.

## THE PARTIES

6. Plaintiff ZP 360 Huntsville Mountain, LLC is a limited liability company organized and existing under the laws of the State of Alabama with its principal place of business in Huntsville, Alabama.

7. Plaintiff ZP 361 Huntsville Research Park QOZB, LLC is a limited liability company organized and existing under the laws of the State of Alabama with its principal place of business in Huntsville, Alabama.

8. Defendant AEC Site Solutions, LLC is, upon information and belief, a limited liability company organized and existing under the laws of the State of Alabama with its principal place of business in Huntsville, Alabama.

## JURISDICTION

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as the citizenship of the Plaintiffs is completely diverse from the citizenship of the Defendant, and the amount-in-controversy exceeds $75,000.

10. Plaintiff Huntsville Mountain is a citizen of the States of Florida, North Carolina, and Texas, and Plaintiff Research Park is a citizen of the States of Florida, Maryland, North Carolina, and Texas. Defendant is a citizen of the State of Alabama. The identification of the Plaintiffs and Defendant for diversity of citizenship purposes is attached hereto as **Exhibit A**.

11. This Court has personal jurisdiction because the Projects at issue are located in Huntsville, Alabama, and the events giving rise to the claims against Defendant occurred in Huntsville, Alabama.

12. Venue is likewise proper under 28 U.S.C. § 1391(b)(2) because the Projects at issue are located in Huntsville, Alabama, and the events giving rise to the claims against Defendant occurred in Huntsville, Alabama.

## FACTS

13. On or about February 28, 2022, Plaintiff Huntsville Mountain entered into a contract with Huffman Contractors, Inc. ("Huffman") to serve as general contractor on the Huntsville Mountain Project.

14. On or about March 8, 2022, Plaintiff Research Park entered into a contract with Huffman to serve as general contractor on the Research Park Project.

15. On or about May 5, 2022, Defendant also entered into a subcontract with Huffman to perform site work on the Huntsville Mountain Project, including but not limited to, demotion, erosion control, grading, utilities, and other related services (the "Huntsville Mountain Subcontract"). A true and accurate copy of the Huntsville Mountain Subcontract is attached hereto as **Exhibit B**.

16. On or about June 17, 2022, Defendant entered into a subcontract with Huffman to perform certain site work on the Research Park Project, including but not limited to, demolition, erosion control, grading, paving, utilities, and other related services (the "Research Park Subcontract"). A true and accurate copy of the Research Park Subcontract is attached hereto as **Exhibit C**.

17. On or about September 16, 2022, Plaintiffs subsequently issued terminations for convenience to Huffman on both Projects, given Huffman's poor performance on those developments as well as a number of other ongoing projects for related entities of the Plaintiffs.

18. As permitted by the contracts between Plaintiffs and Huffman and by the Subcontracts, the Research Park and Huntsville Mountain Subcontracts were assigned to Plaintiff Research Park and Plaintiff Huntsville Mountain respectively, and Plaintiffs assumed the obligations of the general contractor under the Subcontracts after the date of assignment. True and accurate copies of the letters of assignment are attached hereto as **Exhibit D** and **Exhibit E**.

19. Subsequent to the assignments, Defendant continued its performance on the Projects.

20. However, Defendant's performance on the Huntsville Mountain and Research Park Projects was woefully deficient, including but not limited to, installing defective work, overbilling Plaintiffs for work that was not performed, failing to complete its scope of work on both Projects, causing damage to the Projects and adjacent properties, failing to timely perform its work, and removing materials from the site against Plaintiffs' request.

21. After numerous requests for updated schedules and improvement on the number of on-site personnel and equipment, on or about April 25, 2023, Plaintiffs

sent a letter to Defendant informing Defendant of its default on both Projects under the Subcontracts and demanding that Defendant cure its default on each Project. A true and accurate copy of this letter is attached hereto as **Exhibit F**.

22. On or about April 27, 2023, Plaintiffs sent a subsequent notice letter to Defendant, where Plaintiffs reiterated their demand to Defendant to cure its default under the Subcontracts on the Projects. A true and accurate copy of this notice letter is attached hereto as **Exhibit G**.

23. Additionally, Plaintiffs' April 27, 2023, notice letter served as Plaintiffs' preliminary notice under Section 7.1.1 of the Subcontracts for both Projects of AEC's default under the respective Subcontracts, and of Plaintiffs' intent to initiate the termination process under Section 7.1.2 of the Subcontracts in the event that Defendant did not cure its defaults.

24. Rather than curing its defaults under its Subcontracts, without notice, Defendant proceeded to remove all equipment and materials from the Projects, effectively abandoning its Work under the Subcontracts.

25. Accordingly, on May 1, 2023, Plaintiffs issued a second notice of termination to Defendant as required by the Subcontracts, informing Defendant that, unless its defaults were cured within forty-eight (48) hours of its notice, Defendant would be terminated for cause at the end of business on May 3, 2023. A true and accurate copy of this notice letter is attached hereto as **Exhibit H**.

26. Defendant failed to cure its defaults and was terminated for cause in accordance with the Subcontracts on both Projects on May 3, 2023.

27. Plaintiffs currently expect to incur damages in excess of $2 million on both Projects combined, including but not limited to, costs to complete and correct Defendant's work on the Projects, in addition to delay damages for both Projects. In addition, Plaintiffs will be incurring additional costs and damages related to Defendant's improper performance of work in conservation areas and on adjacent properties, as well as Defendant's removal of materials from the Projects without Plaintiffs' consent.

## FIRST CAUSE OF ACTION
### (Breach of Contract – Huntsville Mountain)

28. Plaintiff Huntsville Mountain repeats and re-alleges each and every allegation contained in Paragraphs 1 through 27 as if fully set forth herein.

29. Defendant entered into the Huntsville Mountain Subcontract with Huffman to perform site work on the Huntsville Mountain Project, including but not limited to, demolition, erosion control, grading, utilities, and other related services.

30. Defendant's Huntsville Mountain Subcontract on the High Mountain Project was assigned to Plaintiff Huntsville Mountain on October 12, 2022.

31. Defendant breached its obligations under the assigned Huntsville Mountain Subcontract by performing defective work, failing to complete its scope of work, overbilling Plaintiff Huntsville Mountain for work that was not performed,

7

causing erosion and environmental damage to conservation areas and adjacent properties, failing to timely perform its work, and removing materials from the site without Plaintiff Huntsville Mountain's approval.

32. In addition to the foregoing, Defendant has allowed liens to be filed against the Project, which have not been bonded off or otherwise removed as required under the Huntsville Mountain Subcontract. This will cause Plaintiff to incur lien release bond costs, attorney's fees, and litigation expenses related to such liens.

33. Due to Defendant's breaches of the Huntsville Mountain Subcontract, Plaintiff Huntsville Mountain is incurring substantial additional construction costs and delay damages in excess of $1 million, and other damages associated with Defendant's breach of the Huntsville Mountain Subcontract.

34. Any and all conditions precedent to Plaintiff Huntsville Mountain pursuing this breach of contract claim under the Huntsville Mountain Subcontract have been met, satisfied or waived by Defendant.

## SECOND CAUSE OF ACTION
**(Breach of Contract – Research Park)**

35. Plaintiff Research Park repeats and re-alleges each and every allegation contained in Paragraphs 1 through 27 as if fully set forth herein.

36. Defendant entered into the Research Park Subcontract with Huffman to perform certain site work on the Research Park Project, including but not limited to, demolition, erosion control, grading, paving, utilities, and other related services.

37. Defendant's Research Park Subcontract on the Research Park Project was assigned to Plaintiff Research Park on October 12, 2022.

38. Defendant breached its obligations under the Research Park Subcontract by performing defective work, failing to complete its scope of work, overbilling Plaintiff Research Park for work that was not performed, failing to timely perform its work, and improperly performing work in areas not contemplated to be improved, which led to negative impacts on adjacent properties.

39. In addition to the foregoing, Defendant has allowed liens to be filed against the Research Park Project, which have not been bonded off or otherwise removed as required under the Research Park Subcontract. This will cause Plaintiff to incur lien release bond costs, attorney's fees, and litigation expenses related to such liens.

40. Due to Defendant's breaches of the Research Park Subcontract, Plaintiff Research Park will incur substantial additional construction costs and delay damages in excess of $1 million, and other damages associated with Defendant's breach of the Research Park Subcontract.

41. Any and all conditions precedent to Plaintiff Research Park pursuing this breach of contract claim under the Research Park Subcontract have been met, satisfied or waived by Defendant.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendant as follows:

1. An award of all damages in an amount to be reasonably determined at trial;

2. Attorneys' fees and litigation expenses as allowed by the express terms of the Subcontracts;

3. Pre-judgment and post-judgment interest; and

4. Such other relief as the Court deems just and proper.

Respectfully submitted this 6th day of September 2023.

/s/ *Kimberly Bessiere Martin*
Kimberly Bessiere Martin (ASB6420N61K)
BRADLEY ARANT BOULT CUMMINGS LLP
200 Clinton Avenue West
Suite 900
Huntsville, Alabama 35801
Telephone: (256) 517-5100
Facsimile: (256) 517-5200
kmartin@bradley.com

Robert L. Crewdson (*Pro Hac Vice Forthcoming*)
Christopher C. Broughton (*Pro Hac Vice Forthcoming*)
DLA P<small>IPER</small> LLP (US)
1201 W. Peachtree St. NE, Ste. 2900
Atlanta, GA 30309
Robert.Crewdson@dlapiper.com
Chris.Broughton@dlapiper.com
Telephone: (404) 736-7827
Facsimile: (404) 682-7849
*Attorneys for Plaintiffs*