# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| ZP 360 Huntsville Mountain, LLC, and ZP 361 Huntsville Research Park QOZB, LLC, | CASE NO. 5:23-CV-01178-LCB |
|     Plaintiffs/Counter-Defendants, | |
| v. | |
| AEC Site Solutions, LLC, | |
|     Defendant/Counter-Plaintiff. | |
| ZP 360 Huntsville Mountain, LLC, and ZP 361 Huntsville Research Park QOZB, LLC, | |
|     Third-Party Plaintiffs, | |
| v. | |
| Huffman Contractors, Inc., and Travelers Casualty and Surety Company of America, | |
|     Third-Party Defendants. | |

**PLAINTIFFS' THIRD-PARTY COMPLAINT AGAINST HUFFMAN CONTRACTORS, INC. AND TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

Plaintiffs ZP 360 Huntsville Mountain, LLC ("Huntsville Mountain") and ZP 361 Huntsville Research Park QOZB, LLC ("Research Park") (collectively,

"Plaintiffs"), by and through their undersigned counsel, hereby file this Third-Party Complaint against Huffman Contractors, Inc. ("Huffman") and Travelers Surety and Casualty Company of America ("Travelers") as follows:

## INTRODUCTION

1. This third-party claim arises out of Huffman's work as the general contractor on two projects separately owned by Plaintiffs and located in Huntsville, Alabama.

2. Plaintiff Huntsville Mountain is the owner and developer of a multi-family housing development known as the Terraces at High Mountain located at 4250 High Mountain Road NE, Huntsville, Alabama 35811 (the "Huntsville Mountain Project").

3. Plaintiff Research Park is the owner and developer of a multi-family housing development known as the Boardwalk at Research Park located at 5736 Oakwood Road, Huntsville, Alabama 35806 (the "Research Park Project").

## THE PARTIES

4. Plaintiff Huntsville Mountain is a limited liability company organized and existing under the laws of the State of Alabama with its principal place of business in Huntsville, Alabama.

5. Plaintiff Research Park is a limited liability company organized and existing under the laws of the State of Alabama with its principal place of business in Huntsville, Alabama.

6. Defendant AEC Site Solutions, LLC ("<u>AEC</u>") is a limited liability organized and existing under the laws of the State of Alabama with its principal place of business in Huntsville Alabama.

7. Third-Party Defendant Huffman is an Arkansas corporation with its principal place of business in Little Rock, Arkansas.

8. Third-Party Defendant Travelers is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

## **JURISDICTION**

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as the citizenship of the Plaintiffs is completely diverse from the citizenship of Third-Party Defendant Huffman, Third-Party Defendant Travelers and original Defendant AEC, and the amount-in-controversy exceeds $75,000.

10. Plaintiff Huntsville Mountain is a citizen of the States of Florida, North Carolina, and Texas, and Plaintiff Research Park is a citizen of the States of Florida, Maryland, North Carolina, and Texas. *See* ECF No. 6, Ex. A.

11. Huffman is a citizen of the State of Arkansas.

12. Travelers is a citizen of the State of Connecticut.

13. AEC is a citizen of the State of Alabama.

14. This Court has personal jurisdiction because the acts and/or omissions at issue, and the events giving rise to the claims against Huffman and Travelers, occurred in Huntsville, Alabama.

15. Venue is likewise proper under 28 U.S.C. § 1391(b)(2) because the Projects at issue are located in Huntsville, Alabama, and the events giving rise to the claims against Huffman and Travelers occurred in Huntsville, Alabama.

16. Further, this Court has jurisdiction and venue over the claims herein because the above-captioned action between Plaintiffs and Defendant AEC is proceeding in this Court.

## FACTUAL ALLEGATIONS

17. On or about February 28, 2022, Plaintiff Huntsville Mountain entered into a contract with Huffman to serve as general contractor on the Huntsville Mountain Project (the "Huntsville Mountain Contract"). A copy of the Huntsville Mountain Contract is attached hereto as **Exhibit A**.

18. On or about April 20, 2022, Travelers and Huffman entered into surety agreements, whereby Travelers provided a performance bond and a payment bond to Huffman for the Huntsville Mountain Project (the "Huntsville Mountain Bonds"). Copies of the Huntsville Mountain Bonds are attached hereto as **Exhibit B**.

19.     Pursuant to the Huntsville Mountain Bonds, Travelers guaranteed Huffman's payment and performance obligations under the Huntsville Mountain Contract to Plaintiff Huntsville Mountain.

20.     On or about March 8, 2022, Plaintiff Research Park entered into a contract with Huffman to serve as general contractor on the Research Park Project (the "Research Park Contract"). A copy of the Research Park Contract is attached hereto as **Exhibit C**.

21.     On or about May 2, 2022, Huffman and Travelers entered into surety agreements, whereby Travelers provided a performance bond and a payment bond to Huffman for the Research Park Project (the "Research Park Bonds"). Copies of the Research Park Bonds are attached hereto as **Exhibit D**.

22.     Pursuant to the Research Park Bonds, Travelers guaranteed Huffman's performance and payment obligations under the Research Park Contract to Plaintiff Research Park.

23.     On or about September 16, 2022, Plaintiffs issued terminations for convenience to Huffman on both Projects, given Huffman's poor performance on those developments as well as a number of other ongoing projects for related entities of the Plaintiffs.

24.     As permitted by the contracts between Plaintiffs and Huffman, Huffman's subcontracts with the site work contractor, AEC, on the Research Park

and Huntsville Mountain Projects were assigned to Plaintiff Research Park and Plaintiff Huntsville Mountain respectively, and Plaintiffs assumed the obligations of the general contractor under the subcontracts after the date of each assignment.

25. Subsequent to the assignments, AEC continued its performance on the Projects until the subcontracts were terminated by Plaintiffs for cause due to AEC's defaults on or about May 3, 2023.

26. Since that time, AEC, several of Huffman's other subcontractors, and other parties performing work under Huffman on the Project have filed claims of mechanic's liens against the Projects and commenced litigation against the Plaintiffs, asserting claims for amounts allegedly due and owed by Huffman on the Projects.

27. On or about September 5, 2023, Plaintiffs filed the above-captioned action against AEC. Plaintiffs expressly incorporate by reference their First-Amended Complaint and repeat and re-allege all allegations set forth therein as if fully set forth herein.

28. On or about November 13, 2023, AEC filed its Answer and Counterclaims against Plaintiffs.

29. On or about December 4, 2023, Plaintiffs filed their Answer and Affirmative Defenses to AEC's Counterclaims. Plaintiffs expressly incorporate by reference their Answer and Affirmative Defenses as if fully set forth herein.

30. In its Counterclaims, AEC alleges that Huffman failed to pay AEC for amounts due and owing in excess of $500,000 combined on the Research Park and Huntsville Mountain Projects, which represented work allegedly performed prior to Plaintiffs' termination of Huffman on the Projects.

31. In the event Plaintiffs are found liable to AEC for amounts due and owing by Huffman prior to Huffman's termination, which liability has been denied by Plaintiffs, then as set forth below, Plaintiffs are entitled to indemnification, reimbursement and/or contribution for all settlements, judgments, costs, attorneys' fees or other monies expended in connection therewith based on Huffman's and Travelers' obligations to Plaintiffs.

## FIRST CAUSE OF ACTION

**(Breach of Contract – Huffman - Huntsville Mountain)**

32. Plaintiff Huntsville Mountain repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

33. Plaintiff Huntsville Mountain and Huffman entered into the Huntsville Mountain Contract, whereby Huffman served as general contractor for Plaintiff on the Huntsville Mountain Project.

34. Huffman breached its obligations under the Huntsville Mountain Contract by failing to pay Defendant AEC for amounts allegedly due and owed on the Project prior to Plaintiff Huntsville Mountain's termination of Huffman.

35. In addition to the foregoing, AEC's claims and liens have caused Plaintiff to incur lien release bond costs, attorneys' fees, litigation expenses, and other costs associated with such claims and liens.

36. Due to Huffman's breaches of the Huntsville Mountain Contract, Plaintiff Huntsville Mountain is incurring substantial costs and damages, including but not limited to, attorneys' fees and related expenses, lien release bond costs, and, to the extent Plaintiff Huntsville Mountain may be found liable, any amounts that may be awarded to AEC associated with Huffman's breach of the Huntsville Mountain Contract.

37. Pursuant to the express terms of the Huntsville Mountain Contract, Huffman is required to indemnify Plaintiff Huntsville Mountain for any and all costs and damages incurred related to Huffman's breaches of the Huntsville Mountain Contract prior to Huffman's termination.

38. Any and all conditions precedent to Plaintiff Huntsville Mountain pursuing this breach of contract claim under the Huntsville Mountain Subcontract have been met, satisfied or waived by Defendant.

## SECOND CAUSE OF ACTION

**(Breach of Bonds – Travelers and Huffman - Huntsville Mountain)**

39. Plaintiff Huntsville Mountain repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

40. Huffman and Travelers entered into valid and binding contracts, the Huntsville Mountain Bonds.

41. Plaintiff Huntsville Mountain is an obligee of the Huntsville Mountain Bonds.

42. Travelers and Huffman are obligated under the Huntsville Mountain Bonds to Plaintiff Huntsville Mountain for paying Huffman's subcontractors, suppliers, and other parties performing work under Huffman on the Project, and removing liens filed by such entities on the Project.

43. Due to the failure of Travelers or Huffman to pay AEC for services allegedly provided prior to Huffman's termination on the Project, Plaintiff Huntsville Mountain is incurring substantial costs and damages, including attorneys' fees and related expenses, and, to the extent Plaintiff Huntsville Mountain may be found liable, any amounts claimed by AEC for work performed prior to Huffman's termination on the Project.

44. Pursuant to the express terms of the Huntsville Mountain Bonds, Huffman and Travelers are liable to Plaintiff Huntsville Mountain for any and all costs and damages it may incur with respect to any AEC claims for services provided prior to Huffman's termination on the Project.

45. Any and all conditions precedent to Plaintiff Huntsville Mountain pursuing this claim under the Huntsville Mountain Bonds have been met, satisfied or waived by Huffman and/or Travelers.

## THIRD CAUSE OF ACTION

### (Breach of Contract – Huffman - Research Park)

46. Plaintiff Research Park repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

47. Plaintiff Research Park and Huffman entered into the Research Park Contract, whereby Huffman served as general contractor for Plaintiff on the Research Park Project.

48. Huffman breached its obligations under the Research Park Contract by failing to pay Defendant AEC for amounts allegedly due and owed on the Project prior to Plaintiff Research Park's termination of Huffman.

49. In addition to the foregoing, AEC's claims and liens have caused Plaintiff to incur lien release bond costs, attorneys' fees, litigation expenses, and other costs associated with such claims and liens.

50. Due to Huffman's breaches of the Research Park Contract, Plaintiff Research Park is incurring substantial costs and damages, including but not limited to, lien release bond costs, attorneys' fees and litigation expenses, and, to the extent

Plaintiff Research Park may be found liable, any amounts that may be awarded to AEC associated with Huffman's breach of the Research Park Contract.

51. Pursuant to the express terms of the Research Park Contract, Huffman is required to indemnify Plaintiff Research Park for any and all costs and damages incurred related to Huffman's breaches of the Research Park Contract prior to Huffman's termination.

52. Any and all conditions precedent to Plaintiff Research Park pursuing this breach of contract claim under the Research Park Contract have been met, satisfied or waived by Defendant.

## FOURTH CAUSE OF ACTION

**(Breach of Bonds – Travelers and Huffman - Research Park)**

53. Plaintiff Research Park repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

54. Huffman and Travelers entered into valid and binding contracts, the Research Park Bonds.

55. Plaintiff Research Park is an obligee of the Research Park Bonds.

56. Travelers and Huffman are obligated under the Research Park Bonds to Plaintiff Research Park for paying Huffman's subcontractors, suppliers, and other parties performing work for Huffman on the Project, and removing liens filed by such entities on the Project.

57. Due to the failure of Travelers or Huffman to pay AEC for services allegedly provided prior to Huffman's termination on the Project, Plaintiff Research Park is incurring substantial cost and damages, including but not limited to, lien release bond costs, attorneys' fees and related expenses, and, to the extent Plaintiff Research Park may be found liable, any amounts claimed by AEC for work performed prior to Huffman's termination on the Project.

58. Pursuant to the express terms of the Research Park Bonds, Huffman and Travelers are liable to Plaintiff Research Park for any and all costs and damages it may incur with respect to any AEC claims for services prior to Huffman's termination on the Project.

59. Any and all conditions precedent to Plaintiff Research Park pursuing this claim under the Research Park Bonds have been met, satisfied or waived by Huffman and/or Travelers.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Huffman and Travelers as follows:

1. An award of all damages in an amount to be reasonably determined at trial;

2. Attorneys' fees and litigation expenses as allowed by the express terms of the Contracts and Bonds;

3. Pre-judgment and post-judgment interest; and

4. Such other relief as the Court deems just and proper.

Respectfully submitted this 22nd day of December 2023.

/s/ *Kimberly Bessiere Martin*

Kimberly Bessiere Martin (ASB6420N61K)
BRADLEY ARANT BOULT CUMMINGS LLP
200 Clinton Avenue West
Suite 900
Huntsville, AL 35801
Telephone: (256) 517-5100
Facsimile: (256) 517-5200
kmartin@bradley.com

Robert L. Crewdson (*Admitted Pro Hac Vice*)
Christopher C. Broughton (*Admitted Pro Hac Vice*)
DLA PIPER LLP (US)
1201 W. Peachtree St. NE, Ste. 2900
Atlanta, GA 30309
Robert.Crewdson@dlapiper.com
Chris.Broughton@dlapiper.com
Telephone: (404) 736-7827
Facsimile: (404) 682-7849
*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on this 22nd day of December 2023, the foregoing document was served on all counsel of record via the Court's electronic filing system.

>/s/ *Kimberly B. Martin*
>Kimberly B. Martin
>*Attorney for Plaintiffs*